IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY WOOD,                           No.  CIV.S-04-1234 DAD

     Plaintiff,

  v.                                    ORDER

JO ANNE B. BARNHART,
Commissioner of Social
Security,

     Defendant.
_____/

     This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.  For the reasons explained below, the court concludes that the decision of the Commissioner of Social Security ("Commissioner") must be affirmed.

**PROCEDURAL BACKGROUND**

     Plaintiff Timothy Wayne Wood, who is proceeding pro se in this action, applied for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social

1

Security Act (the "Act"), respectively. (Transcript (Tr.) at 69-71, 423-26.) The Commissioner denied plaintiff's applications initially and on reconsideration. (Tr. at 39-43, 48-52.) Pursuant to plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on June 10, 2003, at which time plaintiff appeared without representation. (Tr. at 473-94.) In a decision issued on September 16, 2003, the ALJ determined that plaintiff was not disabled. (Tr. at 18-30.) The ALJ entered the following findings in this regard:

> 1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.
>
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 3. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 CFR §§ 404.1520(b) and 416.920(b).
>
> 4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix I, Subpart P, Regulation No. 4.
>
> 5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 6. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of

      the claimant's impairments (20 CFR §§ 404.1527 and 416.927).

7. The claimant has the following residual functional capacity: capable of light exertion work, occasionally lifting 20 pounds and lifting and carrying 10 pounds on a more frequent basis (20 CFR § 416.967). He can occasionally climb, stoop, kneel, crouch or crawl, cannot climb ropes or scaffolding and must avoid a hazardous work environment. He is limited to simple tasks and instructions, limited public contact and limited supervisor contact.

8. The claimant is unable to perform any of his past relevant work (20 CFR §§ 404.1565 and 416.965).

9. The claimant is a "younger individual between the ages of 18 and 44" (20 CFR §§ 404.1563 and 416.963).

10. The claimant has a high school (or high school equivalent) education (20 CFR §§ 404.1564 and 416.964).

11. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 CFR §§ 404.1568 and 416.968).

12. Although the claimant's exertional limitations do not allow him to perform the full range of light work, using Medical-Vocational Rule 202.21 as a framework for decisionmaking, there are significant numbers of jobs in the national economy that he could perform. Examples of such jobs include work as automatic developer of photographs, seedling sorter, and small products assembler.

13. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR §§ 404.1520(f) and 416.920(f)).

(Tr. at 29-30.)  The ALJ's decision became the final decision of the Administration when the Appeals Council declined review on May 13, 2004.  (Tr. at 11-14.)  Plaintiff then sought judicial review, pursuant to 42 U.S.C. § 405(g), by filing the complaint in this action on June 17, 2004.

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. See Jones, 760 F.2d at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability,

4

the finding of the ALJ is conclusive, see <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920. See <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987). This five-step process can be summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is conclusively presumed disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995). The claimant bears the burden of proof in the first four steps of the sequential evaluation. <u>Yuckert</u>, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. <u>Id</u>.; <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999).

5

**APPLICATION**

Liberally construed, plaintiff's brief, handwritten motion for summary judgment asserts that the decision denying him benefits is not supported by substantial evidence. After reviewing the ALJ's decision and the record, the court concludes that plaintiff's argument is unpersuasive.

In connection with his applications for benefits plaintiff alleged disability based on a gastrointestinal condition know as Barrett's esophagus and cirrhosis of the liver. (Tr. at 116.) The ALJ found plaintiff to have the severe impairments of "diseases of the esophagus, cirrhosis of the liver, affective mood disorder and alcohol abuse disorder." (Tr. at 23.) Nonetheless, the ALJ further determined that plaintiff has the residual functional capacity to occasionally lift 20 pounds and frequently lift 10 pounds. (Tr. at 27, 29.) The ALJ further determined that plaintiff should only occasionally climb, stoop, kneel, crouch or crawl and must avoid climbing ropes or scaffolding and any hazardous work environment. (Id.) Plaintiff also is limited to simple tasks and instructions as well as to having only limited public contact and limited supervisor contact. (Id.) The ALJ's determination in this regard is supported by substantial evidence in the record.

Specifically, after conducting a complete internal medicine examination of plaintiff on January 29, 2002, Amit Rajguru, M.D. determined that plaintiff is able to lift, carry, sit, stand and walk without any restrictions. (Tr. at 261.) The only limitation
/////

6

assessed by Dr. Rajguru was that plaintiff "should be limited to eating small, frequent meals throughout the day." (Id.)

Following a psychological examination of plaintiff, David C. Richwerger, Ed.D. opined that plaintiff "would likely have difficulty with detailed and complex tasks. The claimant is able to perform simple and repetitive tasks." (Tr. at 269.) Dr. Richwerger assessed no other limitations. He found plaintiff to have adequate abilities in maintaining concentration, persistence and pace as well as social functioning. (Id.) He also found plaintiff able to adapt to the ususal stresses encountered in competitive work environment and to be capable of managing his own funds. (Id.)

Finally, a variety of non-examining state agency physicians found plaintiff capable of performing work. The physicians evaluating plaintiff's mental residual functional capacity found him either "not significantly" or "moderately" limited with respect to the mental activities evaluated. (Tr. at 284-86, 350-53.) Those physicians evaluating plaintiff's physical residual functional capacity found him capable of light work with certain postural limitations which the ALJ adopted. (Tr. at 288-95, 319-26, 376-83.)

In light of this evidence, and considering the administrative record as a whole, the court finds that the ALJ's residual functional capacity determination and finding of

/////

/////

/////

/////

1  nondisability are supported by substantial evidence.[1]  In finding
2  plaintiff capable of performing work, the ALJ properly discharged his
3  responsibilities of determining credibility and resolving any
4  conflicts or ambiguities in the medical testimony.  See Magallanes v.
5  Bowen, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ discussed all of
6  the evidence and set forth a rational interpretation of the evidence
7  in his decision.  See Matney on Behalf of Matney v. Sullivan, 981
8  F.2d 1016, 1019 (9th Cir. 1992)("The trier of fact and not the
9  reviewing court must resolve conflicts in the evidence, and if the
10 evidence can support either outcome, the court may not substitute its
11 judgment for that of the ALJ.").  Plaintiff's assertion to the
12 contrary is unpersuasive.

**CONCLUSION**

Accordingly, the court HEREBY ORDERS that:

1.  Plaintiff's motion for summary judgment is denied;

2.  Defendant's cross-motion for summary judgment is granted; and

3.  The decision of the Commissioner denying benefits is affirmed.

DATED: January 12, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.socsec\wood1234.order

---

[1] In finding plaintiff not disabled, the ALJ also relied on the testimony of a vocational expert who identified a significant number of jobs which plaintiff could perform. (Tr. at 490-92.) The ALJ's hypothetical question to the vocational expert accurately and completely set out all of plaintiff's limitations and restrictions as required. See Magallanes, 881 F.2d at 756-57.